William and Catherine Fox v. Commissioner.
Fox v. Commissioner
Docket No. 2366-62.
United States Tax Court
T.C. Memo 1963-247; 1963 Tax Ct. Memo LEXIS 99; 22 T.C.M. (CCH) 1239; T.C.M. (RIA) 63247; September 11, 1963
William Fox, pro se, 657 Oakland Ave., Staten Island, N. Y. William S. McLean, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency in petitioners' income tax for 1959 in the amount of $1,863.04. The sole issue presented for our decision is whether petitioners are entitled to a deduction in the amount of $9,000 for the "value of scientific contributions." Findings of Fact The stipulated facts are found as stipulated. Petitioners are husband and wife residing at Staten Island, New York. The husband will at times be referred to as petitioner. They filed their joint income tax return for 1959 with the director for the district of Manhattan. Petitioner William Fox is a lieutenant in the New York City Police Department. He has been *100 a member of the New York City Police Department since 1940. Petitioner received the Ph. D. degree in Chemistry from Columbia University in June 1944. Apart from his work in the New York City Police Department, and on his off-duty time, he has been engaged in fundamental research in the physical sciences for more than 20 years. During the period 1942 to 1959 in connection with his scientific research petitioner has written a number of papers and articles which were published in various scientific journals. An article written by petitioner entitled "Fluid Phases in Mutual Contact: Further Experimental Considerations" was published by the Journal of Physical Chemistry in 1959. On their income tax return for 1959 petitioners claimed a deduction for the "value of scientific contributions * * * in excess of $9,000." The respondent disallowed in full the deduction so claimed. Opinion Petitioners contend that they are entitled to a deduction in the amount of $9,000 on their return for 1959 as the "value of scientific contributions" under section 170 of the Internal Revenue Code of 1954. [1] Their contention appears to be that the publication of a scientific *101 article written by petitioner in the Journal of Physical Chemistry in 1959 constitutes a charitable contribution deductible under section 170 of the Code. *102 Although it may well be true, as petitioners argue, that petitioner's published article represented a valuable contribution to scientific knowledge, the record contains no evidence indicating that he contributed any money or property to any of the types of recipients described in section 170 of the Code. Further, the record does not suggest the fair market value, if any, of the claimed contribution, nor does it disclose any evidence indicating the recipient, if any, to which such purported contribution was made. In view of the total failure of petitioners to introduce evidence in support of their position, we hold that they have failed to meet their burden of proof and that the respondent's determination must be sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction. - (1) General Rule. - There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate. * * *
(c) Charitable Contribution Defined. - For purposes of this section, the term "charitable contribution" means a contribution or gift to or for the use of - (1) A State, a Territory, a possession of the United States, or any political subdivision of any of the foregoing, or the United States or the District of Columbia, but only if the contribution or gift is made for exclusively public purposes. (2) A corporation, trust, or community chest, fund, or foundation - (A) created or organized in the United States or in any possession thereof, or under the law of the United States, any State or Territory, the District of Columbia, or any possession of the United States; (B) organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes or for the prevention of cruelty to children or animals; (C) no part of the net earnings of which inures to the benefit of any brivate shareholder or individual; and (D) no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation. A contribution or gift by a corporation to a trust, chest, fund, or foundation shall be deductible by reason of this paragraph only if it is to be used within the United States or any of its possessions exclusively for purposes specified in subparagraph (B). (3) A post or organization of war veterans, or an auxiliary unit or society of, or trust or foundation for, any such post or organization - (A) organized in the United States or any of its possessions, and (B) no part of the net earnings of which inures to the benefit of any private shareholder or individual. (4) In the case of a contribution or gift by an individual, a domestic fraternal society, order, or association, operating under the lodge system, but only if such contribution or gift is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals. (5) A cemetery company owned and operated exclusively for the benefit of its members, or any corporation chartered solely for burial purposes as a cemetery corporation and not permitted by its charter to engage in any business not necessarily incident to that purpose, if such company or corporation is not operated for profit and no part of the net earnings of such company or corporation inures to the benefit of any private shareholder or individual.↩